UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SHEIKH P. MEHEDI,

        Plaintiff,

v.

MEMRY CORPORATION,

        Defendant.

Civil Action No.
3:17 - CV - 809 (CSH)

JUNE 8, 2017

## ORDER REGARDING SUBJECT MATTER JURISDICTION

**HAIGHT, Senior District Judge:**

### I. INTRODUCTION

Plaintiff Sheikh P. Mehedi brings this action to recover damages for physical injuries he allegedly sustained to his left index finger while he was working on a "wire draw machine" during his assignment as a temporary employee for Defendant Memry Corporation ("Memry") on July 7, 2015.[1] In his Complaint, Plaintiff alleges that this Court has "diversity of citizenship" subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1). Doc. 1, ¶ 5. However, as set forth below, Plaintiff's jurisdictional allegations are insufficient for this case to proceed in federal court. Accordingly, additional submissions will be required to determine whether there is subject matter jurisdiction.

---

[1] Plaintiff alleges that, at all relevant times, he was "an employee of a temporary employment staffing agency known as Premier Staffing Services of New York, Inc.," which was located at 340 Glen Street, Suite 401, White Plains, New York 10603. Doc. 1, ¶ 7. As of July 7, 2015, Premier had assigned him to a position at the Memry facility in Bethel, Connecticut, to work as a machine operator. *Id.*, ¶ 8.

1

## II. DISCUSSION

A. **Subject Matter Jurisdiction**

Federal district courts are courts of limited jurisdiction under Article III, Section 2, of the United States Constitution. *See, e.g., Chicot Cnty. Drainage Dist. Baxter State Bank*, 308 U.S. 371, 376 (1940), *reh'g denied*, 309 U.S. 695 (1940). The question of subject matter jurisdiction is fundamental so that a court must raise the issue *sua sponte*, of its own accord, when the issue is not addressed by the parties. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). *See also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

In general, a federal district court may exercise subject matter jurisdiction over an action only if there is either: (1) "federal question" jurisdiction, applicable to "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; or (2) there exists "diversity of citizenship," complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a)(1). *See also Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

Unlike personal jurisdiction, "failure of subject matter jurisdiction is not waivable." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If subject matter

jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3); *Lyndonville*, 211 F.3d at 700-01. *See also, e.g., Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.,* 790 F.3d 411, 416-17 (2d Cir. 2015) ("A district court properly dismisses an action . . . for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it . . . .") (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

In the case at bar, there appears to be no basis for the Court to exercise "federal question" jurisdiction – *i.e.*, no claim arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff's only claim is a state law negligence claim, based on "the negligence of Memry and/or Memry's agents or employees." Doc. 1, ¶ 15. Consequently, Plaintiff's sole asserted jurisdictional basis is "diversity of citizenship." *Id.*, ¶ 5.

In order for diversity of citizenship to exist, each plaintiff's citizenship must be diverse from that of all defendants. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Moreover, "diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002). *See also Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed

– the 'time-of-filing' rule.").

In addition, to invoke "diversity of citizenship" jurisdiction, there must be a minimum amount in controversy exceeding "$75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a). The burden is on the plaintiff to allege in good faith that he sustained the mandatory minimum in damages. *See, e.g.*, *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.") (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). The amount in controversy must "appear on the face of the complaint or be established by proof." *Miller v. European Am. Bank*, 921 F. Supp. 1162, 1167 (S.D.N.Y. 1996).

**B.** **Citizenship of the Parties**

First, examining the Complaint, Plaintiff's factual allegations regarding his citizenship for diversity purposes are insufficient. In paragraph one, Plaintiff states that he is "a *resident* of the State of New York." Doc. 1, ¶ 1 (emphasis added). However, an individual's citizenship for diversity purposes is determined by his or her *domicile*, as opposed to residence. *See Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000). *See also John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("[I]t has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens."). "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – *i.e*, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983) (citation and internal quotation marks omitted).

Second, as to the citizenship of Defendant, Plaintiff alleges that Memry "is a corporation

4

organized and existing and incorporated in and under the laws of the State of Delaware with its headquarters and operations in Bethel, Connecticut." Doc. 1, ¶ 3. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Therefore, if Memry is a corporation, it is a citizen of each state in which it has been incorporated, as well as the state where its "principal place of business" is located. Under the allegations contained in the Complaint, Memry appears to be a citizen of Delaware (state of incorporation) and Connecticut (principal place of business). However, if it is incorporated in any other state(s), Memry is also a citizen of such other state(s). [2]

## C. **Jurisdictional Amount**

Finally, as discussed *supra*, even if diversity of citizenship exists between the parties, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). As worded, Plaintiff's allegations of jurisdictional amount are deficient. In his Complaint, Plaintiff alleges that "[t]he amount in controversy, *exclusive and costs*, exceeds the sum of $75,000." Doc. 1, ¶ 4 (emphasis added). It appears that Plaintiff may have inadvertently omitted the words "of interest" after "exclusive" from the statutory language of § 1332(a). In any event, as stated, these words assert that the amount in controversy is "exclusive," includes "costs," and exceeds $75,000. Such allegations are either insufficient with respect to, or do not

---

[2] The Court deduces from Plaintiff's allegations that Memry's "principal place of business" is Bethel, Connecticut. The United States Supreme Court has clarified that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," the place described as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). That place "should normally be the place where the corporation maintains its headquarters." *Id.* at 93.

properly state, the amount in controversy under 28 U.S.C. § 1332(a). The amount in controversy must exceed $75,000 without including interest and costs.

### III. CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS each party to establish, by affidavit, citizenship for diversity purposes as of the date this action was commenced, on May 17, 2017.

Specifically, Plaintiff is hereby ORDERED to submit an affidavit explicitly providing his state of domicile on May 17, 2017. In particular, he must include: (1) the state in which he was domiciled and principally established or his true fixed home and (2) the names, if any, of other states in which he had a residence. If there are additional states in which he maintained a residence, the affidavit must further provide: (a) the locations of all such residences kept and (b) the approximate length of time spent at each residence.

To verify its state(s) of citizenship, Memry Corporation is ORDERED to indicate by affidavit all states "by which it has been incorporated" and the state where it had its "principal place of business" on May 17, 2017. *See* 28 U.S.C. § 1332(c)(1).

Furthermore, with respect to the amount in controversy, Plaintiff must provide an estimate of his alleged damages in this action. He must explicitly declare whether these damages meet the requisite jurisdictional amount – *i.e.*, whether they exceed the sum or value of $75,000, "exclusive of interest and costs," 28 U.S.C. § 1332(a)(1).

Both parties shall file and serve their affidavits regarding citizenship on or before **June 30, 2017.** All case deadlines are stayed pending the Court's review of the affidavits. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action will proceed. Otherwise,

in the absence of such jurisdiction, the Court will dismiss the action without prejudice to Plaintiff bringing it in a proper forum.

It is SO ORDERED.

Dated: New Haven, Connecticut
June 8, 2017

       /s/*Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge